## MANSEAU v. UNITED STATES.

### No. 3555.

District Court, E. D. Michigan, S. D.

June 18, 1943.

Ernest Goodman and Morton A. Eden, both of Detroit, Mich., for plaintiff.

John C. Lehr and Arnold W. Lungerhausen, both of Detroit, Mich., for the United States.

LEDERLE, District Judge.

Counsel for both parties appeared at the pretrial hearing at which time it was shown that there was no dispute as to the facts in this case and a pretrial order was entered in accordance with Rule 16 of the Rules of Civil Procedure, 28 U.S.C.A. following section 723c, setting forth all of the agreed facts in detail.

The facts necessary for a consideration of the legal questions involved may be summarized as follows: Plaintiff was wrongfully discharged by the Ford Motor Company for union activities. An order of the National Labor Relations Board requiring plaintiff's employer to reimburse him for loss of pay during the time he was illegally prevented from working was entered and finally confirmed by the courts. This back pay was all received during the calendar year 1941. Plaintiff filed his income tax return on a cash receipts and disbursements basis for the year 1941 including this back pay award. Computed on this basis the tax amounted to $860.50. If the back pay award is not income received during the year 1941 plaintiff's tax liability would amount to $344.34. It is the claim of plaintiff that this back pay award should not have been included as income, and he paid his tax under protest and brought this action to recover the difference of $516.16.

## Conclusions of Law

■ 1. This is an action for recovery of internal revenue taxes alleged to have been erroneously or illegally assessed and collected and the court has jurisdiction. 28 U.S.C.A. § 41(20).

2. Congress in defining gross income manifested its intent to use to its fullest extent the power granted it by the 16th Amendment. "Sec. 22(a) of the Revenue Act of 1934, 48 Stat. 680, 686, 26 U.S.C.A. Int.Rev.Acts, page 669, includes among 'gross income' all 'gains, profits, and income derived * * * from professions, vocations, trades, businesses, commerce, or sales, or dealings in property, whether real or personal, growing out of the ownership or use of or interest in such property; also from interest, rent, dividends, securities, or the transaction of any business carried on for gain or profit, or gains or profits and income derived from any source whatever.' The broad sweep of this language indicates the purpose of Congress to use the full measure of its taxing power within those definable categories." Helvering v. Clifford, 309 U.S. 331, 334, 60 S.Ct. 554, 556, 84 L.Ed. 788.

■ 3. The decision of the Circuit Court of Appeals (National Labor Relations Board v. Ford Motor Co., 6 Cir., 114 F.2d 905) affirming the order of the National Labor Relations Board was a final determination that plaintiff had a contract of employment with the Ford Motor Company and that this contract was not terminated by the employer's wrongful attempt to discharge him. All contracts of employment with employers subject to the National Labor Relations Act, 29 U.S.C.A. § 151 et seq., must be construed so as to include such terms of this act as are applicable, the same as in the case of the Fair Labor Standards Act, 29 U.S.C.A. § 201 et seq. Northwestern Yeast Co. v. Broutin, 6 Cir., 133 F.2d 628. It is true as pointed out in National Labor Relations Board v. West Kentucky Coal Co., 6 Cir., 116 F.2d 816, 821, that "reinstatement of the employee and payment for time lost are remedies not known to the common law but created by statute" and that these remedies were adopted as appropriate means for enforcement of the act. Although the procedure outlined in this act was not intended to enforce a private right, nevertheless, as pointed out by Mr. Justice Roberts in Virginia Electric & Power Co. v. N. L. R. B., 63 S.Ct. 1214, 1223, 87 L.Ed. ——, decided June 7, 1943, "The Act * * * is an announcement to employees that if they are discharged for such activity they may have reinstatement and, in proper cases, back pay. Such a promise to employees was essential to assure them immunity for conduct made lawful by the Act." The employer is also notified that he will have to pay the employee notwithstanding the fact that the employee performs no service. National Labor Relations Board v. Electric Vacuum Cleaner Co., 315 U.S. 685, 697, 698, 62 S.Ct. 846, 86 L.Ed. 1120. The money received by plaintiff which has been referred to in the findings of fact as back pay is income derived from wages or compensation for personal services within the meaning of Section 22(a) of the Internal Revenue Act, 26 U.S.C.A.Int.Rev.Code, § 22(a). 1 Mertens, Law of Federal Income Taxation, § 8.04; Gann v. Commissioner, 41 B.T.A. 388.

4. Judgment may be entered dismissing the complaint.