**Charles Ralph ORMS, Mike Ghrist, Jeff Fryrear, Gene Waldridge, William Burke, Steve Hatler, Don Camfield, Bernie Lammers, Jr., Rose Deel, Paul Netherly, Jr., Tom Jenkins, Alex Fugatte, Fraternal Order of Police, Louisville Lodge # 6, Appellants,**

v.

**CITY OF LOUISVILLE, Kentucky, Appellee.**

Court of Appeals of Kentucky.

Oct. 19, 1984.

Discretionary Review Denied by Supreme Court April 5, 1985.

Henry A. Triplett, Bennett, Bowman, Triplett & Vittitow, Louisville, for appellants.

Frank X. Quickert, Jr., Frank Burke, David Leightty, Louisville, for appellee.

Before COMBS, DUNN and GUDGEL, JJ.

COMBS, Judge.

This appeal concerns the application of Kentucky's overtime compensation statute, KRS 337.285, to a City of Louisville policy which required its police officers to report fifteen minutes before they began their daily tour of duty. The Fraternal Order of Police, Louisville Lodge # 6 and a group of police officers sought to recover, in a class action, compensation for this time. The Jefferson Circuit Court entered a summary judgment for the City.

The facts are undisputed. The City of Louisville employs its police officers under collective bargaining agreements it enters with the Fraternal Order of Police. These agreements have generally provided that a police officer is to work eight hours a day and to be paid time and a half for all hours worked over forty per week. The City's policy required that the officers report fifteen minutes early "to familiarize themselves with activity which has occurred in their absence." In essence, the police officers' claim is that each officer should be compensated for one and one-fourth hours overtime per week for the entire period not barred by the statute of limitations in which both the policy and KRS 337.285 were in effect.

The City argued and the trial court agreed that the following clause in the agreement absolved the City of liability:

> For overtime in excess of thirty (30) minutes, the member shall be paid the overtime rate for a full hour. Overtime of less than thirty (30) minutes shall not be paid.

The police officers rely upon the following provision in KRS 337.385(1) to argue that this defense is invalid:

> Any agreement between such employee and the employer to work for less than the applicable wage rate shall be no defense to such action.

The contract provision in question was a result of collective bargaining and there is no claim of overreaching. It is reasonable providing that officers receive compensation for an hour of overtime when they work thirty-one to fifty-nine minutes overtime, in exchange for no compensation for overtime of one to twenty-nine minutes. The provision does not determine the "wage rate" but the time. In effect, the City and the officers have defined "hour". Their definition is fair, reasonable and not inconsistent with statutory provisions.

This Court will not impose an inflexible, arbitrary interpretation to upset a fair and reasonable arrangement. *See Walling v. A.H. Belo Corp.,* 316 U.S. 624, 62 S.Ct. 1223, 86 L.Ed. 1716 (1942).

The judgment of the Jefferson Circuit Court is affirmed.

All concur.