**CITY OF LOUISVILLE, Movant,**

v.

**Ronald E. GNAGIE, et al.,
Respondents.**

Supreme Court of Kentucky.

Aug. 7, 1986.

As Modified on Denial of Rehearing
Oct. 16, 1986.

Frank X. Quickert, Jr., Frank W. Burke, David Leightty, Louisville, for movant.

Herbert L. Segal, Dennis Franklin Janes, Segal, Isenberg, Sales & Stewart, Louisville, for respondents.

STEPHENS, Chief Justice.

Respondents, Ronald E. Gnagie, Ronald L. Matlock, Charles Lush, Thomas Welsh, and Benny R. Hardesty, individually and as representatives of the Louisville Firefighters' Association, sought compensation in a class action suit against the City of Louisville, pursuant to KRS 337.285, for the fifteen-minute "roll call" prior to each shift.

Both movant, City of Louisville, and respondents, Ronald E. Gnagie, et al., moved for summary judgment in Jefferson Circuit Court on the issue of liability.

The trial court entered summary judgment for the movant, holding that the "roll call" period was *de minimus*, and therefore, non-compensable. The Court of Appeals reversed the Jefferson Circuit Court and remanded the case for an evidentiary hearing to resolve perceived factual disputes regarding the nature of the work performed during "roll call" and to determine whether the firefighters were customarily released from duty prior to the end of their shifts to compensate for the "roll call" period.

The two primary issues addressed by this appeal are whether a summary judgment on the issue of liability was correct, and if so, whether it can be determined as a matter of law that the fifteen-minute "roll call" period is non-compensable labor.

We decide that it can be so determined, and accordingly reverse the Court of Appeals and affirm the trial court.

█ Summary judgment on the issue of liability was the appropriate resolution to this action. "A summary judgment, interlocutory in character, may be rendered on the issue of liability alone...." CR 56.03. Both movant and respondent concur on the relevant facts. There is no dispute that there has continued for many years a practice whereby firefighters arrive fifteen minutes prior to the beginning of their shifts for "roll call", to perform such tasks as the following: stow gear on fire trucks, check tools and apparatus, read latest entry in company log book, review any new standard operating procedures, and discuss new policies with the company commander. The parties also agree that firefighters had received no compensation for this time. The dispute lies only in the legal significance of "roll call", i.e. whether it represents compensable labor.

█ Lacking a genuinely litigable dispute, the summary judgment granted by the trial court on the issue of liability was appropriate. CR 56. We hold, as a matter of law, that the fifteen minute "roll call" prior to the beginning of each firefighter's shift is not compensable. Respondents contend that the roll call is not mere preparation for the workday, but an important and essential part of the firefighters' employment. Since firefighters are hired to await an alarm, respondents contend that their arrival fifteen minutes prior to the beginning of each shift simply translates to fifteen additional minutes of preparedness, deserving overtime compensation. Respondents argue that "roll call" possessed characteristics of ordinary labor; attendance was involuntary, the activities performed were directly related to the firefighters' employment, and the firefighters perform productive work while in attendance. However, a lengthy analysis of the compensable or non-compensable nature of the duties performed during "roll call" is unnecessary, since the employment contract between movant and respondents and the conduct of the respondents and those they represent are dispositive of the issue.

Applicable provisions of Fire Department Rules are as follows

Rule 518—Company Commanders shall call the roll and inspect the on-coming and off-going shifts of their respective companies promptly at 0745 hours. It shall be done in the prescribed manner. Tardiness shall not be tolerated. Any abscence [sic] from roll call shall be promptly reported to the District Chief. Rule 725—Members reporting for their tour of duty shall regularly attend roll call at fifteen (15) minutes to the hour of test daily (0745 hrs.) and be prepared to immediately respond to any emergency to which their company is assigned. Habitual absence from roll call will not be tolerated.

Rules 518 and 725 of the "Rules and Regulations of the Louisville Division of Fire" set out the requirement of "roll call" attendance, but make no mention of compensation for this extra-shift labor. The employment contract expressly provides that the practice of roll call shall continue. Indeed, if "roll call" was to be considered an ordinarily compensable part of the usual workday, there would be no need to devote a specific contract provision to its defini-

tion. The employment contract was the result of collective bargaining with the Union, and represents the good faith resolution of any compensation disputes. Moreover, and very significantly, the many years of acquiescence by the Union to the lack of payment for "roll call" effectively amounts to acceptance of the practice by the Union. The burden lies clearly upon the Union to discover any possible ambiguities, and clarify them when bargaining, to avoid such litigation.

Respondents cite *Ebright v. Whitehall*, 8 Ohio App.3d 29, 455 N.E.2d 1307 (1982) wherein the police union sought compensation for the fifteen-minute "roll call" prior to the beginning of each shift. However, unlike the case at bar, the court determined that the police officers were entitled to compensation for the time, because the union had *not* previously waived its rights in the employment contract. We liken this case, rather, to the decision of the Court of Appeals in *Orms v. City of Louisville*, Ky.App., 686 S.W.2d 464 (1984), in which a police union sought compensation for a required fifteen-minute "roll call" prior to each shift. The Court of Appeals denied the union's request because it had previously negotiated an employment contract with the city which determined that overtime under thirty minutes would not be compensable. In this case, as in *Orms*, the firefighters' employment agreement *was* the result of careful, good faith bargaining. Although unfortunate for the firefighters, the failure of the Union to take issue with the "roll call" provision in the contract remains entirely their responsibility, not the responsibility of the City of Louisville.

Therefore, we hold that the trial court correctly entered summary judgment in favor of movant. Both parties were in agreement as to the facts, their only dispute arose in regard to the legal significance of those facts. Thus, as a matter of law, the fifteen-minute "roll call" prior to the beginning of each shift is not compensable labor. We reverse the Court of Appeals and affirm the trial court.

STEPHENS, C.J., and GANT, LEIBSON, STEPHENSON, WHITE and VANCE, JJ., concur.

WINTERSHEIMER, J., dissents in a separate opinion.

WINTERSHEIMER, Justice, dissenting.

I respectfully dissent because the majority opinion misapplies the principles of summary judgment.

The summary judgment procedure is designed to expedite cases in situations where there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law. The procedure is never a substitute for trial. The trial court must examine the evidentiary matter to determine if a real issue exists. All doubts must be resolved in favor of the party opposing the motion for summary judgment. The procedure should not be used unless the right to judgment is demonstrated with such clarity that there is no room left for controversy and it is established that the opposing party cannot prevail under any circumstances. That is not the situation presented by this case. The union and the city agreed only that the record presented no issues of fact pertaining to the question of the city's liability to members of the union. After that agreement, sharp controversy exists as to the definition of what is compensable work in the specific situation of the roll call activities. The legal significance of roll call is a fundamental and genuine question. The issue of whether the firefighters are entitled to additional compensation and whether the city must pay such sums of money is extremely significant to both sides. It should have a complete review by the trial court. The claims are certainly not *de minimus*.

I would remand this case to the trial court with directions that consideration be given to an evidentiary hearing on the factual issues as to whether the activities performed during the role call period are compensable.