METRO LOUISVILLE/JEFFERSON
COUNTY GOVERNMENT[1] and the
City of Louisville, Appellants,

v.

Shawn ABMA, and Other Individual
Appellees as Designated in the
Notice of Appeal.

and

Robert Akridge, and Other Individual
Cross–Appellants as Designated in the
Notice of Appeal, Cross–Appellants,

v.

City of Louisville, (Now Known as
Metro Louisville/Jefferson County
Government), Cross–Appellees.

Nos. 2007–CA–001417–MR,
2007–CA–001527–MR.

Court of Appeals of Kentucky.

Sept. 4, 2009.

Rehearing Denied Jan. 28, 2010.

Discretionary Review Denied by
Supreme Court Dec. 10, 2010.

---

1. Pursuant to Kentucky Revised Statutes (KRS) 67C.101, the merger of the City of Louisville and Jefferson County on January 6, 2003, resulted in a consolidated local government now known as "Louisville/Jefferson Metro Government." This entity is listed as "Metro Louisville/Jefferson County Government" in the style of this case because it identified itself that way in the notice of appeal.

Laurence J. Zielke (argued), Hays Lawson, Janice M. Theriot, Louisville, KY, for appellant/cross-appellee Louisville Metro.

John D. Parsons, Frankfort, KY, for appellee Commonwealth of Kentucky, La-

bor Cabinet *.

Ann B. Oldfather (argued), Vicki L. Buba, Louisville, KY, for Hasken appellees/cross-appellants.

Thomas A. Woodley, Douglas L. Steele (argued), Washington, D.C., Herbert L. Segal, Louisville, KY, for Kurtsinger appellees.

Before ACREE and NICKELL, Judges; KNOPF,[2] Senior Judge.

## OPINION

NICKELL, Judge.

Metro Louisville/Jefferson County Government and the City of Louisville, Kentucky (collectively, the City)[3] appeal from three separate rulings[4] of the Jefferson Circuit Court, claiming first, that partial summary judgment was improvidently granted to two groups of firefighters, the Hasken Appellees and the Kurtsinger Appellees, because the City did not breach a series of Collective Bargaining Agreements (CBA) it had negotiated with the International Association of Firefighters, Local 345; second, that the applicable statute of limitations for any contract claim filed by the firefighters should be five years, not fifteen years as the court found; and third, that a judgment certified by the court as final and appealable was really an interlocutory order because it left unanswered too many questions about damages, costs and attorneys' fees, many of which were specifically reserved for future determination. For their part, the Hasken Appellees have filed a cross-appeal arguing the overtime pay formula should include the clothing allowance received by firefighters. After reviewing the record and the law, we affirm in all respects the opinion and order entered by the court on June 16, 2006. We affirm in part, vacate in part, and remand for further proceedings consistent with this opinion the judgment entered on September 21, 2006. Finally, we affirm the written order entered on June 17, 2007, denying the City's motion to alter, amend or vacate the judgment entered on September 21, 2006.

* By order of this Court entered on April 28, 2008, the Labor Cabinet was dismissed from this appeal.

2. Senior Judge William L. Knopf sitting as Special Judge by assignment of the Chief Justice pursuant to Section 110(5)(b) of the Kentucky Constitution and KRS 21.580.

3. The actions giving rise to this appeal were initiated in 2000 and 2001, before the city-county merger, and are based on contracts the City negotiated with the firefighter's union. While it is neither a city government nor a county government, Louisville/Jefferson Metro Government "[possesses] the greater powers conferred upon, and is subject to the lesser restrictions applicable to, county government and cities of the first class under the Constitution and general laws of the Commonwealth of Kentucky." KRS 67C.101(2)(d). It also enjoys "the same sovereign immunity granted counties, their agencies, officers, and employees." KRS 67C.101(2)(e).

4. Each of the orders from which this appeal emanates is the product of the Jefferson Circuit Court, but each was rendered by a different judge. The opinion and order entered on June 16, 2006, granting partial summary judgment to the firefighters, was authored by Judge Lisabeth Hughes Abramson. When she was appointed to serve on this Court, the case was assigned to Judge Thomas E. McDonald in his capacity as a senior judge. He signed the judgment on the partial summary judgment entered on September 21, 2006. When Judge Mary M. Shaw came on the circuit bench, the case was assigned to her. She signed an order entered on June 15, 2007, formally denying a motion to alter, amend or vacate the order of September 21, 2006. Judge McDonald had denied the motion from the bench, but no written order was filed. Judge Shaw's order corrected that oversight.

## PROCEDURAL BACKGROUND

This is a companion case to *Commonwealth v. Hasken*, 265 S.W.3d 215 (Ky. App.2007). Both appeals stem from judicial and administrative claims[5] filed by City of Louisville firefighters alleging miscalculation of overtime pay. *Hasken*, which began with the filing of a wage and hour law complaint with the Kentucky Labor Cabinet in May 2000, and ended with the denial of discretionary review by the Kentucky Supreme Court in October 2008, addressed only the statutory wage and hour law violation. In contrast, this appeal addresses only the state breach of contract claim.

*Hasken* had been rendered by a panel of this Court when this case was briefed, but it was pending in our Supreme Court on the City's request for discretionary review. As a result, the proper overtime pay formula was a seminal issue in both *Hasken*

5. In September 2000, the Hasken Appellees, a group of retired firefighters, filed a complaint in federal district court alleging a common law breach of contract claim as well as violations of both the Fair Labor Standards Act, 29 U.S.C. §§ 201, *et seq.* (FLSA), and Kentucky's wage and hour law as codified in KRS Chapter 377, *et seq.* While recognizing the firefighters could bring an action for breach of contract, separate and apart from the alleged statutory violations, the federal court declined to exercise supplemental jurisdiction and dismissed the state law contract claim without prejudice. The alleged state wage and hour law violation was dismissed for failure to exhaust state administrative remedies. *Hasken v. City of Louisville*, 173 F.Supp.2d 654 (W.D.Ky.2001).

Prior to the filing of the federal action described above, in May 2000, the Kurtsinger Appellees, a separate group of both active and retired firefighters, had filed a wage and hour law complaint with the Kentucky Labor Cabinet alleging miscalculation of overtime pay by the City. The Hasken Appellees intervened in this administrative claim. Following investigation by the Labor Cabinet and the taking of proof by a hearing officer from the Office of the Attorney General, and issuance of a recommendation by that officer, the Labor Secretary issued a contrary order which was appealed to the Jefferson Circuit Court. On September 10, 2004, the circuit court entered an opinion and order granting partial summary judgment to the firefighters upon finding the City had committed a wage and hour violation; the applicable statute of limitations for the violation was five years as stated in KRS 413.120(2); and, because the Labor Secretary used a flawed overtime formula, the findings, conclusions and recommendation of the hearing officer were to be adopted as the Secretary's final order. The circuit court's opinion also granted partial summary judgment to the City after finding the clothing allowance was properly excluded from the overtime formula because it was reimbursement rather than remuneration, and the five-year statute of limitations was not equitably tolled under KRS 413.190(2) because there was no proof of deceit by the City. It is the circuit court's opinion and order entered on September 10, 2004, addressing only the state wage and hour law violation, that was recently affirmed by a panel of this Court in *Hasken*. The state wage and hour violation is currently pending in the Jefferson Circuit Court for the determination of damages.

The debate between a forty-hour work week and a fifty-six hour work week is rooted in KRS 95.275 which requires all firefighters to be available for work at all hours and prohibits an employer from reducing a firefighter's pay, rank or benefits as a result of working forty-eight or seventy-two hour weeks. Firefighters typically work a twenty-four hour shift and are then off work for the next forty-eight hours which results in an average work week of fifty-six hours, the number used by the City in its overtime pay formula. However, Article 13, Section 1 of the CBA in effect between July 1, 1998, and June 30, 2001, states in relevant part, "[a]n employee will receive one and one-half (1½) times his regular hourly rate of pay for all hours worked in excess of forty (40) in any one (1) work week (Sunday through Saturday)." Additionally, KRS 337.285 mandates overtime pay be paid at one and one-half times the hourly wage rate for all hours worked in excess of forty hours in a single week. Based upon these provisions, the firefighters argued the parties intended the overtime calculation to be based on a forty-hour work week instead of a fifty-six hour week and the circuit court agreed with their position.

and in the briefs filed in the case *sub judice*. However, when discretionary review was denied and *Hasken* became final, it became the law of the case that four of the five additional pay elements [6] received by firefighters must be included in the overtime pay formula and that formula must be based on a forty-hour work week. *Williamson v. Commonwealth*, 767 S.W.2d 323 (Ky.1989) (law of the case doctrine prevents relitigation of issue raised and decided in prior appeal). In the wake of *Hasken*, there is nothing for us to decide regarding the cross-appeal and the City concedes the prime question now before us is whether the statute of limitations applicable to the breach of contract claim is five years or fifteen years.

*Hasken* held the circuit court correctly applied the five-year statute of limitations mentioned in KRS 413.120(2) to the wage and hour law violation because KRS Chapter 337 does not specify a separate statute of limitations for such a claim. *Hasken* also held there was no equitable tolling of the statute under KRS 413.190(2).

## FACTS

While the appeal we consider today is limited to the breach of contract claim, it stems from the same miscalculation of overtime pay performed by the City between 1984 and 2001. On June 16, 2006, an opinion and order of the Jefferson Circuit Court was entered granting partial summary judgment to both firefighter groups and the City. The opinion found: the City breached a series of contracts with the firefighters by failing to compensate them for overtime pay in accordance with the CBAs, caselaw and both federal and state legislation; the firefighter's claims were governed by the fifteen-year statute of limitations that applies to written contracts; and, as it found in its opinion entered on September 10, 2004, the clothing allowance was properly excluded from the overtime calculation because it was not an item of remuneration but instead was reimbursement of clothing costs.

The judgment drafted by the firefighters, at the court's direction, was signed and entered by the court on September 21, 2006. In addition to reciting it was "final and appealable" pursuant to CR 54.02, the judgment stated: there was no genuine dispute as to any material fact; the firefighters were entitled to receive overtime compensation at one and one-half times their regular rate of pay for all hours worked in excess of forty; four additional elements of pay were to be included in the regular rate of pay; the overtime calculation was to be based on a forty-hour work week; the City violated its contract with the firefighters by miscalculating their overtime pay; because of the City's miscalculation, any firefighter employed by the City was entitled to additional overtime pay but could not recover twice for any payment already received; the window for recovery was fifteen years or September 8, 1985, to date; and the firefighters were not entitled to additional overtime pay for the clothing allowance. The judgment went on to award pre- and post-judgment interest, costs, and consequential damages, but reserved the precise amount of these items pending the taking of proof. Other

6. As a result of legislation and contract provisions, firefighters receive five types of pay in addition to their hourly wage. These "additional pay elements" are state (or educational) incentive pay; longevity pay; salary supplement; "July bonus;" and clothing allowance. The City excluded all additional pay elements from its calculation of overtime pay which was based on a fifty-six hour work week. *Hasken* held all additional pay elements, except the clothing allowance, must be included in the overtime pay formula and figured on a forty-hour work week.

questions reserved for further proceedings were: whether firefighters may recover contract damages for periods prior to September 9, 1985; whether the statute of limitations on the contract claim should be tolled; and finally, whether the firefighters were entitled to liquidated damages and the amount of any costs and attorneys' fees [7] owed to them on both the breach of contract claim and the wage and hour violation.

The City moved to alter, amend or vacate [8] the judgment claiming: there were so many issues left unresolved and so much proof yet to be taken that the judgment was really interlocutory, even though it contained finality language; [9] entry of the judgment would result in piecemeal appeals; and the City was insulated from any award of interest and attorneys' fees by sovereign immunity. The motion was heard in October 2006, at which time the court stated from the bench that it would deny the motion, however, no contemporaneous written order was entered. A status conference on the motion was held on June 11, 2007. After reviewing the videotape record of the October hearing, the trial court entered a written order on June 15, 2007, formally denying the motion to alter, amend or vacate. This appeal and cross-appeal followed.

The complexion of this appeal changed greatly when *Hasken* became final. As a result, we restrict ourselves to three issues: 1) whether the City's flawed overtime formula breached its CBAs with the firefighter's union; 2) whether the fifteen-year statute of limitations applicable to written contracts governs the breach of contract claims; and finally, 3) whether

the circuit court's award of pre- and post-judgment interest is foreclosed by the City's assertion of sovereign immunity.

## I. Did the City breach its contract with the union?

This claim reaches us by way of the circuit court's grant of partial summary judgment to the firefighters on their state law contract claims. When a grant of summary judgment is appealed to us, our standard of review "is whether the circuit judge correctly found that there were no issues as to any material fact and that the moving party was entitled to a judgment as a matter of law." *Pearson ex rel. Trent v. National Feeding Systems, Inc.*, 90 S.W.3d 46, 49 (Ky.2002). A grant of summary judgment is appropriate only if "it would be impossible for the respondent to produce evidence at the trial warranting a judgment in his favor." *Steelvest, Inc. v. Scansteel Serv. Ctr., Inc.*, 807 S.W.2d 476, 480 (Ky.1991). When considering a motion for summary judgment, the trial court must construe the record in the light most favorable to the party opposing the motion and the non-moving party "cannot rely on the hope that the trier of fact will disbelieve the movant's denial of a disputed fact, but 'must present affirmative evidence in order to defeat a properly supported motion for summary judgment.'" *Id.* at 480–81. While we defer to the trial court regarding factual issues, questions of law are reviewed *de novo* on appeal. *Gosney v. Glenn*, 163 S.W.3d 894, 898 (Ky.App. 2005). Here, there appear to be no disputed issues of fact so our review of the circuit court's application of the law to the

---

7. No liquidated damages or attorneys' fees have been requested in the breach of contract action which is the sole focus of this particular appeal. These items pertain only to the statutory wage violation and are not part of this appeal.

8. Kentucky Rules of Civil Procedure (CR) 59.05.

9. CR 54.02.

facts is *de novo*. After reviewing the pleadings, the law, and specifically the law of the case as established in *Hasken*, we affirm in full the trial court's opinion and order entered on June 16, 2006, granting partial summary judgment to both the Hasken Appellees and the Kurtsinger Appellees.

■■■ To prove a breach of contract, the complainant must establish three things: 1) existence of a contract; 2) breach of that contract; and 3) damages flowing from the breach of contract. *Barnett v. Mercy Health Partners–Lourdes, Inc.*, 233 S.W.3d 723, 727 (Ky.App.2007). Here, the parties do not dispute existence of a contract. Since at least 1984, the City and its firefighters have entered into a series of three-year CBAs. The heart of this appeal is the CBA in effect from July 1, 1998, through June 30, 2001, although the contracts between the two parties going back to at least 1984 contain similar language. All the parties agree, none of the CBAs defines "regular hourly rate of pay" or explains how to calculate overtime. The City argues the firefighters cannot maintain a separate contract action because the right to a specific calculation of overtime pay is derived not from the contract, but by operation of KRS Chapter 337, Kentucky's wage and hour law. We disagree. The wage and hour law fills in any gaps in the CBA, but the City's obligation to pay overtime is stated in the CBA negotiated between the City and the union.

In granting partial summary judgment to the firefighters, the circuit court discussed three separate grounds leading it to conclude the City had breached the CBA. Only one ground is necessary to prove a breach, but we deem all three grounds identified and discussed by the circuit court to be viable, compelling and sufficient.

The most direct route to finding a breach of contract, and the strongest ground endorsed by the circuit court, is the contract itself. Article 2, Section (1)(a) of the CBA is titled "General Provisions" and reads:

> This Agreement shall be subject to the provisions, rights, limitations and requirements of the Constitution of the United States, the Constitution of Kentucky, the Statutes of the Commonwealth of Kentucky, all Federal laws, the Ordinances of the City of Louisville and Rules and Regulations of the Louisville Civil Service Board adopted pursuant to law without prejudice to the rights of either party to pursue such legal remedies as in its judgment seem proper.

As the trial court stated in its opinion entered on June 16, 2006, by inserting the above-quoted clause into the CBA,

> the City agreed with the firefighters that their contract would be subject to federal and state statutes, which would of course include the FLSA and KRS Chapter 337. By agreeing to be subject to "the provisions, rights, limitations and requirements" of the FLSA and KRS Chapter 337, the parties essentially filled any void in the contract regarding calculation of the firefighters' regular rate for purposes of determining overtime. Contrary to the City's position that the CBA is "silent" on such matters, in fact the parties agreed upon the same manner of overtime calculation provided in KRS Chapter 337.

(footnote omitted). Thus, while the CBA negotiated by the parties did not spell out a formula for calculating overtime, the parties did agree that any calculation used would be consistent with both federal and state law.

■ The City claims the trial court wrongly "incorporated" or "read" the language of KRS Chapter 337 into the terms of the contract, thereby erroneously modifying it, since the CBA merely said the parties agreed to be "subject to" federal and state law. We reject this argument as pure semantics. "The language of a business contract should be construed in the light of what intelligent business men would reasonably expect." *Thompson–Starrett Co. v. Mason's Adm'rs*, 304 Ky. 764, 771, 201 S.W.2d 876, 881 (Ky.1947). In other words,

> [business] contracts should be construed according to their plain meaning, to persons of sense and understanding, and not according to forced and refined interpretations which are intelligible only to lawyers and scarcely to [them].

17A Am. Jur. 2d, Contracts § 405 (1991) (footnote omitted). *See also, Ranier v. Mt. Sterling National Bank*, 812 S.W.2d 154, 156 (Ky.1991); *Wilcox v. Wilcox*, 406 S.W.2d 152, 153 (Ky.1966).

■ This Court has already held in *Hasken* that the City violated Kentucky's wage and hour law. It naturally follows that a violation of state law constitutes a breach of contract when the agreement negotiated and signed by the parties specifically says the parties have agreed to be "subject to" state and federal law. To hold otherwise would be nonsensical and inconsistent with our primary goal of "effectuat[ing] the intentions of the parties." *3D Enterprises Contracting Corp. v. Louisville and Jefferson County Metropolitan Sewer District*, 174 S.W.3d 440, 448 (Ky.2005) (citing *Cantrell Supply, Inc. v. Liberty Mutual Insurance Co.*, 94 S.W.3d 381, 384 (Ky.App.2002)).

■ Furthermore, at oral argument, counsel for the City referenced the protracted negotiations that ultimately produced the CBAs with the union. We simply cannot accept the City's contention that Article 2, Section (1)(a) of the CBA was mere surplusage and superfluous. If that were true, we would have to deem every clause in the agreement to be surplusage since all the provisions appear to be on equal footing. We seriously doubt the union would have bargained for, or agreed to, its members receiving less pay for overtime work than for their regular work, yet that is the result of the City's formula. Thus, after reading the CBA in its entirety and reviewing the City's formula, we are convinced there was a breach of contract based on the language of the contract.

■ The second avenue to finding a breach of contract is the intent of the parties under the CBA. Their intent was established previously in the *Hasken* opinion and we will not revisit that issue in this appeal except to say it is now the law of the case that the parties intended the overtime pay formula to include four of the additional pay elements and to be based on a forty-hour work week. Since the City excluded the four desired pay elements from the formula and based its calculations on a fifty-six hour work week, it did not compensate the firefighters as the parties intended and hence the City breached the CBAs.

■ The third avenue to finding a breach of contract is based on caselaw. The FLSA and KRS Chapter 337 establish the minimum requirements of every employment contract. While an employer may choose to give **more** than the minimum, an employer cannot contract to give **less**. *Noel v. Season–Sash, Inc.*, 722 S.W.2d 901, 902 (Ky.App.1986) *rev'd on other grounds, Parts Depot, Inc. v. Beiswenger*, 170 S.W.3d 354 (Ky.2005); *see also Featsent v. City of Youngstown*, 70 F.3d 900 (6th Cir.1995) (union representa-

tives cannot bargain away employee rights under the FLSA); *Fletcher v. Grinnell Brothers,* 64 F.Supp. 778 (E.D.Mich.1946) (citing *Manseau v. United States,* 52 F.Supp. 395 (E.D.Mich.1943)) (FLSA provisions "fixing the minimum measure of the employer's liability to pay for services rendered by an employee, must be read into and form a part of every employment contract to which the act applies."). Thus, the City breached the CBA not only upon the wording of the contract and the intent of the parties, but also upon well-settled caselaw.

█ The City suggests the firefighters had to do more to establish a breach of contract than simply allege a breach had occurred. Under the circumstances presented, however, we disagree. Once the firefighters proved the City had violated Kentucky's wage and hour law, and that statutory violation was affirmed on appeal, the firefighters had satisfied their burden of proving a separate breach of contract claim.

█ Citing *City of Louisville v. Gnagie,* 716 S.W.2d 236 (Ky.1986), and *Orms v. City of Louisville,* 686 S.W.2d 464 (Ky.App.1984), the City argues the firefighters cannot complain now about its method of calculating overtime pay because it had used the same formula, without complaint, for twenty-six years. We reject this argument. As the trial court noted in its opinion and order entered on June 16, 2006, the FLSA and Kentucky's wage and hour law would have no teeth and no purpose if their minimum requirements could be waived by alleged acquiescence. As the circuit court further stated, in light of *Noel,* Kentucky courts would not endorse an interpretation of a CBA that would compensate firefighters for overtime at a rate lower than that provided by KRS Chapter 337. As a result, violation of either the FLSA or KRS Chapter 337 also

constituted a breach of the CBA. To seek redress, the firefighters were permitted to file an administrative claim, a wage and hour complaint, or both. In this case, they chose to file both.

Having established both the existence of a contract and a breach of that contract, all that remained for the firefighters to prove was the amount of damages to which they were entitled because of the breach. As evidenced by the judgment entered on September 21, 2006, the Jefferson Circuit Court found the firefighters were entitled to additional overtime pay, pre-judgment and post-judgment interest, consequential damages and costs. The judgment did not specify a dollar amount for any of these items and it reserved ruling on other items, such as the tolling of the statute of limitations on the breach of contract claim, and entitlement to liquidated damages, attorneys' fees and costs for both the contract breach and the statutory violation. The judgment stated in relevant part:

4. As a result of this violation, each Plaintiff who has been employed as a Firefighter by the City of Louisville has a right to additional overtime pay on all hours worked each week in excess of Forty (40) hours and calculated on the State Educational Incentive Pay, Longevity Pay, Salary Supplement and July Bonus using a divisor of 2080 hours annually, or 40 hours per week, by virtue of the contracts with the City; and

5. Since the statue (sic) of limitations on a contract claim is fifteen (15) years pursuant to KRS 413.090, this contract entitlement applies to all time periods from September 8, 1985 to date; and

. . .

Accordingly, IT IS HEREBY ORDERED AND ADJUDGED that Defendant City shall pay each Plaintiff additional overtime pay ("AOP") which shall be calculated by dividing the State Edu-

cational Incentive Pay, Longevity Pay, Salary Supplement and July Bonus received by each Plaintiff in each year subsequent to September 8, 1985, by Two Thousand Eighty Hours (2080) annually, or Forty (40) hours per week, then multiplying the resulting rate by 1.5 (representing time and one half) to arrive at an additional overtime pay rate. The additional overtime pay rate shall be multiplied by all hours over forty (40) in a work week (whether "scheduled" or "unscheduled") worked by each Plaintiff, to arrive at the AOP to which that Plaintiff is entitled for that week. The weekly AOP shall not include any overtime pay already received by that Plaintiff in that week relating to State Educational Incentive Pay, Longevity Pay or July Bonus.

Plaintiffs are entitled to prejudgment interest on each weekly amount of AOP calculated under the preceding paragraph at the statutory rate of eight percent (8%), compounded annually, through the date of entry of this Judgment, and at the statutory rate of twelve percent (12%), compounded annually, subsequent to the entry of this Judgment until paid.

The entitlement under the Judgment shall not be duplicative of any recovery that might ultimately be made under this Court's Opinion and Order/Judgment of September 10, 2004.[10]

Plaintiffs are entitled to consequential damages to the extent that failure to pay the AOP required by this Judgment has caused a diminution in retirement pay or other benefits. The Court shall RESERVE for further proof the exact elements of consequential damages and the amounts thereof.

Plaintiffs are entitled to, and shall recover from Defendant City, their costs herein expended.

The Court has not addressed the issue of tolling of the statute of limitations on these contract claims, so the issue of whether there should be any recovery of contract damages for periods prior to September 9, 1985, is RESERVED for further proceedings.

Also RESERVED for further proceedings are Plaintiffs' entitlement to liquidated damages and the amount of attorneys' fees and costs owed to Plaintiffs under the Opinion and Order of June 16, 2006, and the Opinion and Order of September 10, 2004, as a result of Defendant City's statutory violation of the Kentucky Wage and Hour Law, KRS 337.010, *et seq.* as set forth in both of said Opinions.

In all other regards, IT IS HEREBY ORDERED that this is a final and appealable Judgment and there is no just cause for delay.

The City questions whether the circuit court's judgment was really final or merely interlocutory. While it contains the finality language authorized by CR 54.02, the City claims so many questions were left unanswered about damages, costs and attorneys' fees that it did not finally resolve anything. We disagree.

CR 54.02 is a procedural device that "allows a trial court dealing with multiple claims or multiple parties in a single action to grant a final judgment as to fewer than all of the claims or parties upon a determination that there is no just reason for delay." *Watson v. Best Financial Services, Inc.,* 245 S.W.3d 722, 723 (Ky. 2008) (referencing similarity of Kentucky rule to Federal Rules of Civil Procedure

---

**10.** This is a reference to the circuit court opinion which granted partial summary judg-

ment to the firefighters on the wage and hour violation. (footnote added).

(FRCP) 54(b)). The rule vests discretion in the trial court to certify decisions as final and appealable even though they resolve only a portion of the claims presented to the court in multi-claim and/or multi-party litigation. *Id.* at 726.

When reviewing finality, we first consider whether the trial court's certification of finality conclusively resolves the rights of the parties on at least one claim raised in the litigation. If it does, we then determine whether the trial court abused its discretion in certifying the judgment as being final on the claim(s) it purports to resolve. *Id.* at 727. After reviewing the judgment extensively, we see no error and no abuse of discretion in the trial court's certification of finality.

While the judgment reserves some issues for the taking of proof or later determination, it does specify the formula the City is to use in calculating the additional overtime pay to which the firefighters are entitled. Thus, the judgment resolves a significant issue. Furthermore, had the parties used this formula to calculate additional overtime pay for approximately 800 firefighters, and we then reversed the trial court's formula on appeal, much time and money would have been expended for naught. However, by certifying the judgment as final on some but not all of the pending issues, the trial court enabled the City to perfect an appeal, and based on this opinion may now proceed with confidence in calculating the damages to which the firefighters are entitled as a result of the City's breach of the CBA as well as its violation of Kentucky's wage and hour law. The City argues this procedure results in piecemeal litigation, and while that may be true, this case has already been reviewed by multiple courts at the City's request. We are not so naive as to believe rendition of a single opinion at this juncture would have ended the litiga-

tion. In fact, the wage and hour violation has already been returned to the trial court for determination of damages. Now, the trial court can address the damages flowing from both the statutory violation and the breach of contract and determine all the damages, costs and attorneys' fees due the firefighters in one fell swoop.

While we hold the firefighters sufficiently proved existence of a contract, breach, and entitlement to damages, we must specifically comment on portions of the judgment entered on September 21, 2006. First, we affirm the trial court's formula for calculating overtime pay. That issue was previously settled under *Hasken* and constitutes law of the case for our purposes. Second, we affirm the trial court's ruling that "entitlement under [its] Judgment shall not be duplicative of any recovery that might ultimately be made under this Court's Opinion and Order/Judgment of September 10, 2004[,]" to the extent the firefighters may recover damages for both the statutory wage and hour law violation and the state breach of contract claim, but there shall be no double recovery. Although stemming from the same miscalculation of overtime pay by the City, the statutory violation and the breach of contract claim are separate causes of action and the firefighters rightfully chose to pursue both claims and prevailed as to both. While the firefighters may recover damages under both causes of action, they may not recover twice for the same damage.

A plaintiff who alleges separate causes of action is not permitted to recover more than the amount of damage actually suffered. There cannot be double recovery for the same loss even though different theories of liability are alleged in the complaint. Thus, a plaintiff who recovers the full amount of damages for the breach of contract cannot recover damages in tort unless he alleges and

proves the existence of additional damages attributable solely to the tort. However, there is no duplication of recovery if the damages are awarded for separate injuries.

22 Am. Jur. 2d Damages § 35 (footnotes omitted). Third, we affirm the trial court's award of costs to the firefighters as permitted by CR 54.04. Fourth, we recognize the trial court reserved for further proceedings the exact elements and amounts of consequential damages. Therefore, we affirm the award of consequential damages only to the extent that they *may* be justified depending upon the proof developed in any future proceeding. Fifth, we make no comment on the other issues reserved by the trial court for future proceedings and proof which include the tolling of the statute of limitations on the contract claims; whether recovery for contract damages should be allowed prior to September 9, 1985; entitlement to liquidated damages; and the appropriate amount of attorneys' fees and costs to be recovered for the statutory wage and hour law violation.

## II. What is the applicable statute of limitations?

The second issue raised on appeal by the City, and now the prime issue raised in the wake of *Hasken* becoming final, is the appropriate statute of limitations governing the breach of contract claim. The City argues the firefighter's claims should be limited to five years under KRS 413.120(2), the same as for the statutory violation. The firefighters disagree, maintaining they should have the benefit of the fifteen-year window provided in KRS 413.090(2) for actions on written contracts. In reviewing the record, we note that the City did not contest application of the fifteen-year statute of limitations in its response to the firefighter's

motions for partial summary judgment on the state law contract claims or in its motion to alter, amend or vacate the proposed judgment on the contract claims. Thus, whether that issue has been preserved for our review is questionable. With few exceptions, this Court does not review complaints unless they were first argued to the trial court and that court was given an opportunity to correct any error. *Smith v. Commonwealth*, 567 S.W.2d 304, 306 (Ky.1978). In this instance we have chosen to address the issue and we agree with the firefighters on the merits.

The underlying cause of action is a breach of contract claim. As noted previously, in Article 2, Section 1(a) of the CBA, the parties agreed "to be subject to" state law. Therefore, it is clear to us that the fifteen-year statute of limitations governing written contracts applies to the City's breach of the CBA. While the contract claim stems from the same miscalculation of overtime pay as the statutory violation, the two claims are separate actions and we see no reason to apply a statute of limitations for a statutory violation to a contract breach when there is a specific statute on point. "[W]hen two statutes are in conflict, the more specific statute controls the general." *Light v. City of Louisville*, 248 S.W.3d 559, 561 (Ky.2008). Thus, as the trial court correctly found, and the City did not challenge below, the appropriate statute of limitations is fifteen years as stated in KRS 413.090(2).

## III. May the City assert sovereign immunity [11]?

The City asserted sovereign immunity for the first time on appeal to this

---

11. Because this issue was mentioned, but not     fully briefed by the parties prior to oral argu-

Court. Since sovereign immunity cannot be waived, except by the General Assembly, Kentucky Constitution § 231; *Knott County Bd. of Ed. v. Mullins*, 553 S.W.2d 852, 854 (Ky.App.1977), the defense may be asserted at any time and need not be affirmatively pled in answer to a complaint. *Wells v. Com., Dept. of Highways*, 384 S.W.2d 308 (Ky.1964). While we acknowledge sovereign immunity may be asserted at any time, we hold the City cannot prevail with the defense no matter when it is asserted.

At first blush, it would seem clear and obvious that an award of pre- and post-judgment interest and attorneys' fees would be forbidden by the City's assertion of sovereign immunity. After all, Louisville/Jefferson Metro Government is the post-merger successor to the City of Louisville, and by statute it enjoys "the same sovereign immunity granted counties, their agencies, officers, and employees." KRS 67C.101(2)(e). That all sounds well and good until one remembers the City of Louisville was never insulated by sovereign immunity—not when it contracted with the firefighter's union, not when it breached the CBAs, and not when the circuit court's order finding such breach, entered on September 21, 2006, became final. It is well-settled that a city, such as Louisville, is a "municipal corporation" and as such it does not qualify for the protection afforded by sovereign immunity. *Kentucky Center for the Arts Corp. v. Berns*, 801 S.W.2d 327, 332–2 (Ky.1990). Jefferson County may still assert sovereign immunity for pre-merger acts of *its* employees, but that is true because the county and its officials enjoyed sovereign immunity prior to the merger and Jeffer-

son County was not abolished as a result of the merger. *St. Matthews Fire Protection Dist. v. Aubrey*, 304 S.W.3d 56 (Ky. App.2009).

We reject the City's argument in its supplemental brief that "[t]here is no statute allowing the recovery of pre- or post-judgment interest against Louisville Metro." That would be a true statement if the obligation to pay interest were Louisville Metro's alone. However, in this instance, the obligation did not accrue because of actions taken by Louisville Metro. It is critically important to this analysis that Louisville Metro succeeded to the obligation by virtue of the merger under KRS 67C.123(3). Since the statute required the merged government to accept "all ... obligations of [Louisville] ... on the effective date of a consolidated local government[,]" the City and its successor, Louisville Metro, cannot now pick and choose the obligations it is willing to pay.

The City must clear a significant hurdle in its attempt to reduce its obligation to the firefighters as a result of this litigation since KRS 67C.123(3) specifies:

[n]otwithstanding the provisions of KRS 67C.115(2), *all contracts*, bonds, franchises *and other obligations* of the city of the first class and of the county *in existence on the effective date of a consolidated local government shall continue in force and effect as obligations of the consolidated local government* and the consolidated local government shall succeed to all rights and entitlements thereunder. *All conflicts* in the provisions of the contracts, bonds, franchises, or other obligations *shall be resolved in a manner that does not impair the rights of any parties* thereto.

ment, the Court ordered supplemental briefs on the limited issues of whether the City could assert sovereign immunity for the first time on appeal; and if it could, how its asser-

tion impacted the trial court's award of pre- and post-judgment interest, costs and attorneys' fees to the firefighters.

(emphasis added). Based upon the foregoing statutory language, we conclude it has not cleared that hurdle and Metro Louisville is financially responsible for **all** damages assessed against the City for its miscalculation of overtime pay under the CBA. The City has cited cases establishing that Metro Louisville and Jefferson County enjoy sovereign immunity, but has cited no authority convincing us a city enjoys the same insulation or that a county or merged government may extend its protection to a city.

 Aside from the inapplicability of the sovereign immunity defense to the City, we are deeply troubled by the City's about-face on this issue. Since 2002, both orally and in writing, the City assured the firefighters it would not assert sovereign immunity or attempt to avoid the City's pre-merger obligation once the City had consolidated with Jefferson County. On the strength of those assurances, the firefighters did not develop a record on this point in the trial court. Then, in its 2008 brief to this Court appealing the loss on the breach of contract claim, the City asserted sovereign immunity for the first time, and has since asserted the defense in the trial court as it pertains to the statutory wage and hour violation. To say the least, the City has been disingenuous in retreating from its previously established position. Nevertheless, we reject its assertion of sovereign immunity and hold the defense cannot be asserted by a newly merged government to avoid a contractual obligation resulting from an agreement entered into by one of its predecessors.[12]

For the foregoing reasons, we affirm the opinion and order entered by the Jefferson Circuit Court on June 16, 2006. We affirm in part, vacate in part, and remand for further proceedings consistent with this opinion, the judgment entered on September 21, 2006. Finally, we affirm the written order entered on June 17, 2007, denying the City's motion to alter, amend or vacate the judgment entered on September 21, 2006. The cross-appeal filed by the Hasken Appellees was resolved against them in *Hasken* and is therefore moot for purposes of this appeal.

ALL CONCUR.

---

**12.** We recognize the City's claim of sovereign immunity is currently being addressed by the Jefferson Circuit Court as it determines the appropriate damages to be awarded on the statutory wage and hour violation on remand from another panel of this Court.