RENDERED: JANUARY 22, 2021; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2019-CA-1582-MR

ALBERT GRUNEISEN III                                        APPELLANT

v.
APPEAL FROM JEFFERSON CIRCUIT COURT
HONORABLE AUDRA J. ECKERLE, JUDGE
ACTION NO. 18-CI-005276

JOHN HAYWOOD; POLY GROUP,                          APPELLEES
LLC; ROBERT DOUGLAS
HAMILTON; AND V3 GROUP, LLC

OPINION
AFFIRMING

** ** ** ** **

BEFORE: CLAYTON, CHIEF JUDGE; GOODWINE AND KRAMER, JUDGES.

GOODWINE, JUDGE: Albert Gruneisen III ("Gruneisen") appeals from an order

of the Jefferson Circuit Court dismissing his claims against Appellees. After

careful review and finding no error, we affirm.

# BACKGROUND

Gruneisen, John Haywood ("Haywood"), and Robert Douglas Hamilton ("Hamilton") were founding members of Poly Group, LLC ("Poly Group"). The three men also founded V3 Group, LLC ("V3") and each owned one-third of the company. Both LLCs are Indiana entities with operating agreements that require all claims be brought in Indiana and are subject to Indiana law.

In addition to his status as a member of Poly Group, Gruneisen was Poly Group's president from 2010 until 2013. In 2013, Gruneisen was removed from his position as President. Gruneisen sued, and the parties agreed to settle the claims by executing the Settlement Agreement and the subsequent Acknowledgment of Member Dissociation and Transfer of Entire Interest ("Acknowledgment").

Under the Settlement Agreement, Gruneisen agreed to (1) relinquish his interest in V3; (2) release Poly Group from certain claims and causes of action that could have been raised in the lawsuit; and (3) "cooperate and provide any proxy necessary to vote to transfer all of his membership interest in V3 to Poly Group or Poly Group's designee." Record ("R.") at 10. In exchange, Poly Group agreed to (1) pay Gruneisen $130,000 for his interest in V3; and (2) release Gruneisen from any claims or causes of action that could have been asserted in the

underlying lawsuit. Gruneisen and a representative and board member of Poly Group, Glenn Hancock, signed the Settlement Agreement. Additionally, Haywood and Hamilton signed the Settlement Agreement in their individual capacities, acknowledging forgiveness of personal debts Gruneisen owed to them. The Settlement Agreement contained Kentucky choice of venue and choice of law provisions.

Following the execution of the Settlement Agreement, Gruneisen received his payment of $130,000. Thereafter, Gruneisen, Haywood, and Hamilton executed the Acknowledgment to effectuate the terms of the Settlement Agreement. The Acknowledgment contained Indiana choice of law and choice of venue provisions. In pertinent part, the Acknowledgment provides:

> (1) Dissociating Member [Gruneisen] hereby transfers his entire interest in V3, in equal parts, to Remaining Members [Haywood and Hamilton], such that Remaining Members shall hold one-half, or 50 percent, of the interest in V3.
>
> . . . .
>
> (5) Dissociating Member [Gruneisen] acknowledges his prior agreement to provide any proxy necessary to effect the transfer of his interest in V3 to Poly Group, LLC, an Indiana Limited Liability Company, or Poly Group's designee. By their signatures below, Remaining Members [Haywood and Gruneisen] represent that they have been duly designated by Poly Group, LLC to be the transferees of Dissociating Member's interest in V3, and acknowledge Dissociating Member's reliance on their representation. Remaining Members agree to indemnify

and hold harmless Dissociating Member from any liability proximately caused by a misrepresentation as to Poly Group's designation or their authority to have effected the same.

(6) This Acknowledgment contains no representations with respect to the status of any V3 Member's Capital Account or Capital Contribution and is not intended to alter the Operating Agreement of V3 in any way, except, as to Exhibit A to the Operating Agreement of V3, to strike "Albert Gruneisen, III" as a listed member (along with his capital contribution and units), and amend the number of units held by John Haywood to "15" and amend the number of units held by Robert Douglas Hamilton to "15".

R. at 230-31.

Following execution of the Acknowledgment, Haywood and Hamilton each became a fifty percent owner of V3 as dictated by paragraph 1. In 2018, during a deposition in a separate matter, Gruneisen discovered his V3 shares, which he transferred in 2013, had remained with Haywood and Hamilton, rather than being transferred or assigned from Haywood and Hamilton to Poly Group. Following this purported discovery, Gruneisen sent Haywood and Hamilton a demand letter, complaining they did not transfer his shares in V3 to Poly Group among other things. When they did not respond, Gruneisen filed the underlying lawsuit.

On September 11, 2018, Gruneisen filed the underlying complaint in the Jefferson Circuit Court. The action arose due to Gruneisen's interpretation of

the Settlement Agreement provision requiring "transfer of all his membership and interest in V3 to Poly Group or Poly Group's designee." R. at 10. Gruneisen interpreted this provision to require Haywood and Hamilton to transfer Gruneisen's one-third share of V3 to Poly Group even though neither the Settlement Agreement or the Acknowledgment contain language to that effect.

The Defendants/Appellees moved to dismiss the complaint, and Gruneisen responded by moving to disqualify Defendants' counsel, alleging a conflict of interest. To resolve the issue, each of the Defendants retained separate counsel. Gruneisen then filed a verified amended complaint, attempting to cure the defects described in Defendants' motion to dismiss. In his amended complaint, Gruneisen raised claims for breach of contract, conversion, fraudulent misappropriation, tortious interference, and derivative claims on behalf of Poly Group. The Defendants responded by filing separate motions to dismiss.

On August 15, 2019, the circuit court entered an opinion and order, granting in full each of the Defendants' motions to dismiss. The circuit court found: (1) the Settlement Agreement was not breached because all obligations had been fulfilled; (2) to the extent the claims arose from the Settlement Agreement, Gruneisen's conversion, fraud, and tortious interference claims were not valid because the Settlement Agreement had not been breached; and (3) his purported derivative claims were not valid because he had not made a demand on the Board

as required, and even if he had made a proper demand, the claims related to acts that occurred after the Settlement Agreement had been fulfilled, so the proper venue would have been Indiana.

Gruneisen then moved the circuit court to reconsider, arguing the circuit court, after dismissing his claim for breach of the Settlement Agreement, should not have considered the merits in dismissing his other claims. Instead, Gruneisen argues the circuit court should have only dismissed those claims for improper venue. The circuit court denied Gruneisen's motion, finding he failed to state grounds for reconsideration and the opinion and order required no clarification. This appeal followed.

On appeal, Gruneisen argues the (1) circuit court erred in dismissing the breach of contract claim; and (2) if it was error for the circuit court to dismiss his breach of contract claim, then his remaining claims should not have been dismissed. Alternatively, he argues if the circuit court did not err in dismissing the breach of contract claim, the remaining claims should have been dismissed immediately for improper venue.

## STANDARD OF REVIEW

Our standard of review of an order granting a motion to dismiss is as follows:

> A motion to dismiss for failure to state a claim upon
> which relief may be granted admits as true the material

facts of the complaint. So a court should not grant such a motion unless it appears the pleading party would not be entitled to relief under any set of facts which could be proved. . . . Accordingly, the pleadings should be liberally construed in the light most favorable to the plaintiff, all allegations being taken as true. This exacting standard of review eliminates any need by the trial court to make findings of fact; rather, the question is purely a matter of law. Stated another way, the court must ask if the facts alleged in the complaint can be proved, would the plaintiff be entitled to relief? Since a motion to dismiss for failure to state a claim upon which relief may be granted is a pure question of law, a reviewing court owes no deference to a trial court's determination; instead, an appellate court reviews the issue de novo.

*Fox v. Grayson*, 317 S.W.3d 1, 7 (Ky. 2010) (internal quotation marks and citations omitted). Likewise, "the interpretation of a contract, including determining whether a contract is ambiguous, is a question of law for the courts and is subject to *de novo* review." *3D Enterprises Contracting Corp. v. Louisville and Jefferson County Metropolitan Sewer Dist.*, 174 S.W.3d 440, 448 (Ky. 2005) (citation omitted).

## ANALYSIS

First, Gruneisen argues the circuit court erred in dismissing his claim for breach of the Settlement Agreement. "To prove a breach of contract, the complainant must establish three things: 1) existence of a contract; 2) breach of that contract; and 3) damages flowing from the breach of contract." *Metro Louisville/Jefferson County Government v. Abma*, 326 S.W.3d 1, 8 (Ky. App.

2009) (citing *Barnett v. Mercy Health Partners-Lourdes, Inc.,* 233 S.W.3d 723, 727 (Ky. App. 2007). Here, the parties do not dispute that the Settlement Agreement is a valid contract. Gruneisen argues the Settlement Agreement was breached when Haywood and Hamilton failed to meet both explicit and implicit obligations in the Settlement Agreement. The Settlement Agreement explicitly required Gruneisen to transfer his V3 units "to Poly Group or Poly Group's designee" in exchange for $130,000 from Poly Group. R. at 10. Gruneisen argues the Settlement Agreement also implicitly required Poly Group to receive and take possession of the transferred V3 units. Haywood and Hamilton retained Gruneisen's units of V3, so Gruneisen argues Poly Group breached the Settlement Agreement by failing to take possession of the units. As such, Gruneisen argues he was damaged because he expected to benefit, as a member of Poly Group, from Poly Group's acceptance of the units worth approximately $1,329,800.

   To reach the conclusion that Poly Group breached the Settlement Agreement, Gruneisen argues the word "designee"[1] should be given its plain meaning, which denotes duty, office, and purpose. In this instance, he argues, the designee had a duty and purpose to either transfer the V3 units to Poly Group or

---

[1] Designee is defined as "[s]omeone who has been designated to perform some duty or carry out some specific role." *Designee*, BLACK'S LAW DICTIONARY (11th ed. 2019).

hold them for Poly Group. Alternatively, Gruneisen argues the proper

interpretation is at least ambiguous.

The circuit court rejected these arguments, finding:

Despite Gruneisen's contentions, neither the Settlement Agreement nor the Acknowledgment contain any terms or reference any agreement for the V3 shares to ultimately be transferred from Haywood and Hamilton to Poly Group at any point. All parties in this litigation are sophisticated entities and business people who executed both the Settlement Agreement and Acknowledgment with assistance of counsel. The Court cannot read terms into either the Settlement Agreement or Acknowledgment that are neither expressly present, nor even implied.

R. at 374-75.

We apply the following principles when interpreting a contract:

"When no ambiguity exists in the contract, we look only as far as the four corners of the document to determine the parties' intentions." *3D Enterprises Contracting Corporation v. Louisville and Jefferson County Metropolitan Sewer District*, 174 S.W.3d 440, 448 (Ky. 2005) (citation omitted). If the language is ambiguous, the court's primary objective is to effectuate the intentions of the parties. *Cantrell Supply, Inc. v. Liberty Mutual Insurance Company*, 94 S.W.3d 381, 384 (Ky. App. 2002). "The fact that one party may have intended different results, however, is insufficient to construe a contract at variance with its plain and unambiguous terms." *Abney v. Nationwide Mutual Insurance Company*, 215 S.W.3d 699, 703 (Ky. 2006) (quoting *Cantrell*, 94 S.W.3d at 385).

*Kentucky Shakespeare Festival, Inc. v. Dunaway*, 490 S.W.3d 691, 695 (Ky. 2016). Furthermore, "an otherwise unambiguous contract does not become ambiguous when a party asserts—especially post hoc, and after detrimental reliance by another party—that the terms of the agreement fail to state what it intended." *Frear v. P.T.A. Industries, Inc.*, 103 S.W.3d 99, 107 (Ky. 2003)

Gruneisen's argument is unsupported by the plain language of the Settlement Agreement and Acknowledgment. The Settlement Agreement requires Gruneisen to transfer his V3 units "to Poly Group or Poly Group's designee." R. at 10. The Acknowledgment expressly states that Haywood and Hamilton would each hold fifty percent of the interest in V3 upon Gruneisen's transfer of his interest. Although the definition of designee includes performing a duty, neither of the two contracts specify that the designee's duty is to transfer Gruneisen's interest in V3 to Poly Group. The Acknowledgment makes clear that Haywood and Hamilton would each retain fifty percent ownership of V3. The record makes clear that all obligations in the Settlement Agreement and Acknowledgment were satisfied. We will not read an alleged implicit requirement into the contracts or find an ambiguity simply because Gruneisen argues one exists. As such, the circuit court correctly concluded that there was no breach of contract.

Second, Gruneisen argues if the circuit court erred in dismissing his breach of contract claim, then his remaining claims should not have been

dismissed.  As we held there was no breach of contract, we need not address this argument.

Alternatively, Gruneisen argues if the circuit court properly dismissed his breach of contract claim, then all remaining claims should have been dismissed solely for improper venue instead of addressing the merits of each claim.  The circuit court made the following findings in dismissing Gruneisen's claims for conversion, fraudulent misappropriation, and tortious interference:

> [T]he Court finds Defendants' arguments regarding the claims of conversion, fraudulent misappropriation, and tortious interference in the Verified Amended Complaint persuasive.  As Gruneisen has not properly supported his breach of contract claim, he has also not properly supported his conversion, fraud, and tortious interference claims.  The Exhibits attached to Gruneisen's own Verified Amended Complaint indicate that the transactions were completed as contemplated by the Settlement Agreement and Acknowledgment.  With no terms, explicit or implied, indicating that Haywood and Hamilton were to later transfer the V3 shares they received, the remaining claims are not viable in this Court.
>
> Though Gruneisen has attempted to rely on the indemnification clause in the Acknowledgment as a basis for his claims, the clause, by its plain language, intended to protect Gruneisen from liability against any suit arising from Haywood and Hamilton's representation that they were duly designated by Poly Group as transferees.  No such claims have been made against Gruneisen, as contemplated by the Acknowledgment.  Rather, Gruneisen himself is trying to create a cause of action based on that provision.  The Court does not find such a claim to be proper, especially considering that the

-11-

> Acknowledgment expressly contains a provision indicating that V3's Operating Agreement, with an Indiana choice of venue provision, and Indiana law are to govern that agreement.

R. at 375-76.

In sum, to the extent that Gruneisen's conversion, fraud, and tortious interference claims arose out of the Settlement Agreement, the circuit court found that because there was no breach of contract, these additional claims had no merit. To the extent these claims arose out of the Acknowledgment, the circuit court declined to address the merits as Indiana was the proper venue.

Additionally, the circuit court made the following findings in dismissing Gruneisen's derivative claims:

> Gruneisen has not demonstrated that he did make a proper demand on the [Poly Group] Board for a derivative action.

> Nonetheless, as Gruneisen's other claims of action have not been properly supported, even if Gruneisen had made a proper demand on the Board, such action is subject to the choice of venue and choice of law provisions of Poly Group's Operating Agreement. That Operating Agreement makes it clear that such actions are to be brought in Indiana and are subject to Indiana law.

R. at 377. In conclusion, the circuit court stated, "Gruneisen has failed to plead any claims to which he is entitled to relief in Jefferson County, Kentucky, and any viable claims he may have are not properly before this Court." *Id.*

Haywood, Hamilton, and Poly Group argue the circuit court correctly declined to make a preemptive determination that Gruneisen's other claims were barred by *res judicata*. Although the circuit court opined as to the probable outcome on the merits of Gruneisen's claims for conversion, fraud, tortious interference, and derivative claims, ultimately the circuit court found these claims were not properly before it because the proper venue was Indiana. As such, the circuit court ultimately dismissed for lack of venue and did not err in doing so.

## **CONCLUSION**

For the foregoing reasons, we affirm the judgment of the Jefferson Circuit Court.

ALL CONCUR.

BRIEFS FOR APPELLANT:

Donald L. Cox
Louisville, Kentucky

BRIEF FOR APPELLEE
POLY GROUP, LLC:

Michael E. Gregory
Paul Hershberg
Louisville, Kentucky

BRIEF FOR APPELLEES
JOHN HAYWOOD AND
ROBERT DOUGLAS HAMILTON:

Melissa M. Bauer
Louisville, Kentucky

Zachary F. Stewart
Jeffersonville, Indiana

BRIEF FOR APPELLEE
V-3 GROUP, LLC:

L. Stanley Chauvin, III
Louisville, Kentucky