IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
December 2, 2009 Session

WILLIAM LAURENCE HARDY, M.D. v.
STATE OF TENNESSEE, DEPARTMENT OF HEALTH, DIVISION OF
HEALTH RELATED BOARDS

Direct Appeal from the Chancery Court for Davidson County
No. 07-596-IV, 07-2258-III-(IV)     Russell Perkins, Chancellor

No. M2009-00619-COA-R3-CV - Filed January 19, 2010

This is an appeal from the decision of the Chancery Court, reversing a decision of an administrative judge. The administrative judge denied Appellant's Motion to Dismiss, but found the parties had entered into two separate agreements and ordered the parties to submit an agreed order to the Medical Board for review. On appeal, the Chancery Court, in reversing the decision of the administrative judge, found that the parties had not entered into any agreements and that the administrative judge could not order the parties to enter into a consent order. Appellant appeals from this decision, contending that the parties have entered into two separate agreements and that due process requires this action be dismissed. Upon review of the record, we find material facts in dispute. Therefore the administrative judge erred in finding that the parties entered into two agreements, and the Chancery Court erred in finding that the parties did not enter into any agreements. Further, we affirm the Chancery Court in finding that the administrative judge erred in ordering the parties to submit an agreed order to the Medical Board after the Appellee withdrew its consent. Affirmed in part, reversed in part and remanded.

Tenn. R. App. P. 3. Appeal as of Right; Judgment of the Chancery Court Affirmed
in Part, Reversed in Part and Remanded

J. STEVEN STAFFORD, J., delivered the opinion of the Court, in which ALAN E. HIGHERS, P.J., W.S., and DAVID R. FARMER, J., joined.

Stephen Ross Johnson, Wade V. Davies, Knoxville, Tennessee, for the appellant, William Laurence Hardy, M.D.

Robert E. Cooper, Jr., Attorney General and Reporter; Michael E. Moore, Solicitor General; Sue A. Sheldon, Senior Counsel, for appellee, State of Tennessee, Department of Health

Division of Health Related Boards.

## OPINION

On April 5, 2006, Appellee State of Tennessee Department of Health, Division of Health Related Boards ("State") filed Notice of Charges against Appellant William Laurence Hardy, M.D. ("Dr. Hardy").[1]  Dr. Hardy responded on April 17, 2006, by filing a Motion to Dismiss.  In his Motion to Dismiss, Dr. Hardy argued violations of due process, and prior accord and satisfaction.  Dr. Hardy attached to his Motion: (1)the depositions of Henry Weddle and Rhonda Hooks-Kendrick and the exhibits thereto, (2) a letter dated July 12, 2005, to Dr. Hardy from Andrei Lee, Assistant General Counsel for the State, and (3) a letter dated July 18, 2006, from Stephen Johnson, counsel for Dr. Hardy, to Laurie Doty and Schean Belton, counsel for the State.  The State filed a response to Dr. Hardy's Motion to Dismiss along with a Motion to Strike Dr. Hardy's Motion to Dismiss.

The administrative judge held a telephonic hearing on Dr. Hardy's Motion to Dismiss on May 1, 2007.  During this hearing, the administrative judge heard arguments from both parties on the Motion to Dismiss.  After hearing arguments, and reviewing "the pleadings, testimony of the witnesses and a full and complete review of the record," the administrative judge denied the Motion to Dismiss.[2]  However, in addition to denying the Motion to Dismiss, the administrative judge found that the "uncontroverted proof" showed that the parties reached a settlement agreement resulting in an "Agreed Order" in May 2006, and had reached another settlement agreement prior to the alleged 2006 agreement.  The administrative judge found that the first agreement could not be "reconstituted." Pursuant to these findings, the administrative judge ordered that the "Agreed Order" be presented to the Medical Board and that neither party speak against the "Agreed Order."  The administrative judge ordered the State to pay all expenses incurred after May 2006, including attorney fees.  The administrative judge found that Due Process required specific performance, but that dismissal was not necessary because the "Agreed Order" could be entered.  The administrative judge also held that Dr. Hardy should be allowed to renew his Motion to Dismiss on the basis of laches if the Medical Board did not approve the Agreed Order.  When issuing her ruling, the administrative judge also denied the State's Motion to Strike Dr. Hardy's Motion to Dismiss.  On May 8, 2007, the administrative judge entered an order

---

[1]We note that Dr. Hardy's name appears both as William Laurence Hardy and William Lawrence Hardy throughout the record.

[2]The testimony the administrative judge considered was the depositions of Henry Weddle and Rhonda Hooks-Kendrick that were attached to Dr. Hardy's Motion to Dismiss.  From our review of the record, it does not appear that any additional evidence was presented during the hearing on Dr. Hardy's Motion to Dismiss.

reflecting this decision.

Pursuant to both parties' request, the administrative judge held the May 8, 2007 Order in abeyance to allow the parties time to further negotiate the matter. On August 14, 2007, finding that the parties were unable to reach an agreement, the administrative judge entered an order placing the prior decision into effect. The State filed a Petition for Reconsideration, which the administrative judge denied.

Dr. Hardy filed an interlocutory appeal in the Chancery Court pursuant to Tenn. Code. Ann. § 4-5-322(a)(1),[3] appealing the denial of his Motion to Dismiss.[4] After reviewing the administrative record, the Chancery Court entered an order on February 27, 2009, affirming the administrative judge's denial of the Motion to Dismiss, but reversing the decision of the administrative judge finding two settlement agreements. The Chancery Court made the following conclusions of law: (1) the first agreement was never memorialized in a way that would be enforceable against the state or signed by a representative of the State; (2) the July 24, 2005 letter from Dr. Hardy's former counsel is not an agreement that could bind the State or "serve as a predicate for a due process violation"; (3) the unsigned Agreed Order from 2006 is not a binding agreement; (4) because there were no binding agreements, there can be no breach; (5) the parties had not finalized their agreements, nor submitted them to the approval process; (6) Dr. Hardy's reliance on criminal constitutional jurisprudence is misplaced and this appeal is governed by civil legal standards; and (7) the State cannot be bound by "a proposed settlement agreement or a contract based on letters from opposing counsel, unsigned memoranda or orders, oral promises, or the recommendation of counsel for the State." The Chancery Court reiterated that it was concluding that the parties did not reach any enforceable settlement agreement. The Chancery Court also held that courts may not compel parties to be bound by an unsigned agreed order, as a party may withdraw his or her consent before the order is submitted. Finding that there were no enforceable agreements, the Chancery Court held that Dr. Hardy's due process rights had not been violated. The Chancery Court reasoned that Dr. Hardy had an opportunity for due process in the contested hearing, and that, if he had been prejudiced, the administrative judge could then consider any appropriate sanctions.

---

[3]Tenn. Code Ann. §4-5-322(a)(1) provides in pertinent part, that "[a] preliminary, procedural or intermediate agency action or ruling is immediately reviewable if review of the final agency decision would not provide an adequate remedy.

[4]This appeal was combined with another interlocutory appeal by Dr. Hardy, appealing the administrative judge's denial of Dr. Hardy's motion to compel the State to produce Tennessee Bureau of Investigation records. Dr. Hardy did not appeal the Chancery Court's decision on this issue and therefore we do not consider it on appeal.

Dr. Hardy appeals the decision of the Chancery Court. He submits the following issues for our review:

1.      Whether the Chancery Court erred reversing the administrative judge's finding that the parties had entered into two separate settlement agreements?

2.      Whether the administrative judge erred in determining that the first agreement could not be reconstituted?

3.      Whether due process requires dismissal of the administrative proceeding against Dr. Hardy's medical license?

## Standard of Review

All disciplinary proceedings against medical licensees are to be conducted in accordance with the Uniform Administrative Procedures Act ("UAPA"). Tenn. Code Ann. § 63-6-216. Accordingly, this Court reviews the administrative decision under the same standard as the trial court. *Miller v. Tenn. Board of Nursing*, 256 S.W.3d 225, 229 (Tenn. Ct. App. 2007). The standard of review is set forth in Tenn. Code Ann. § 4-5-322(h), which provides:

> (h) The court may affirm the decision of the agency or remand the case for further proceedings. The court may reverse or modify the decision if the rights of the petitioner have been prejudiced because the administrative findings, inferences, or conclusions or decisions are:
>
> (1) In violation of constitutional or statutory provisions;
> (2) In excess of the statutory authority of the agency;
> (3) Made upon unlawful procedure;
> (4) Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion; or
> (5)(A) Unsupported by evidence that is both substantial and material in light of the entire record.
>     (B) In determining the substantiality of evidence, the court shall take into account whatever in the record fairly detracts from its weight, but the court shall not substitute its judgment for that of the agency as to the weight of the evidence on questions of fact.

-4-

Tenn. Code Ann. § 4-5-322.

The court reviewing an administrative decision must use a three step analysis. ***Dillard Smith Constr. Co. v. Comm'r of Labor and Workforce Dev.***, 2009 WL 4841073, No. M2008-00735-COA-R3-CV at *4 (Tenn. Ct. App. 2009). "First, the court must determine whether the agency identified the appropriate legal principles applicable to the case." ***Id.*** (citing ***McEwen v. Tenn. Dept. Of Safety***, 173 S.W.3d 815, 820 (Tenn. Ct. App. 2005). Next, the court must review the agency's factual findings and determine whether they are supported by substantial and material evidence. ***Id.*** Third, the court must examine how the agency applied the law to the facts. ***Id.*** In reviewing the trial court's review of an administrative decision, this Court must determine whether the trial court applied the proper standard of review. ***Papachristou v. Univ. of Tenn.***, 29 S.W.3d 487, 490 (Tenn. Ct. App. 2000).

**Analysis**

This appeal centers on Dr. Hardy's Motion to Dismiss. The UAPA "directs the [administrative judge] to permit the parties to submit motions at appropriate stages in the proceedings." ***Yokley v. State Bd. of Educ.,*** 2009 WL 1410225, NO. M2008-00679-COA-R3-CV, at *3 (citing Tenn. Code Ann. §4-5-308(a)(2005)). Further, the Tennessee Department of State rules allow parties to seek relief through motions. Tenn. Comp. R. & Regs. 1360-4-1-.09 (2004). Accordingly, the administrative judge has the authority to hear and rule on motions to dismiss. However, the administrative judge must apply the proper legal principles when ruling on a motion. The Tennessee Department of State rules require that the administrative judge apply the Tennessee Rules of Civil Procedure in any situation not otherwise specifically addressed. Tenn. Comp. R. & Regs. 1360-4-1-.01(3)(2004). Finding no other rule or statute on how the administrative judge is to approach a motion to dismiss, we will review the administrative judge's decision based on the Tennessee Rules of Civil Procedure.

If a party files a motion to dismiss for failure to state a claim and includes matters outside the pleadings, the trial court, upon considering the material outside the pleadings, must review the motion as a motion for summary judgment pursuant to Tenn. R. Civ. P. 56. Tenn. R. Civ. P. 12.02; see also ***Staats v. McKinnon***, 206 S.W.3d 532, 543 (Tenn. Ct. App. 2006). In this case, the administrative judge stated that she had reviewed and considered the pleadings, testimony of the witnesses, and the record, in making her decision. Therefore, we review the administrative decision based on the standards required for a motion for summary judgment.

When a motion for summary judgment is made, the moving party has the burden of showing that "there is no genuine issue as to any material fact and the moving party is

entitled to judgment as a matter of law." Tenn. R. Civ. P. 56.04. The moving party may accomplish this by either: (1) affirmatively negating an essential element of the non-moving party's claim; or (2) showing that the non-moving party will not be able to prove an essential element at trial. *Hannan v. Alltel Publ'g Co*., 270 S.W.3d 1, 8-9 (Tenn. 2008). However, "[i]t is not enough for the moving party to challenge the nonmoving party to 'put up or shutup' or even to cast doubt on a party's ability to prove an element at trial." *Id*. at 8. If the moving party's motion is properly supported, "The burden of production then shifts to the nonmoving party to show that a genuine issue of material fact exists." *Id.* at 5(citing *Byrd v. Hall*, 847 S.W.2d 208, 215(Tenn. 1993)). The non-moving party may accomplish this by: "(1) pointing to evidence establishing material factual disputes that were overlooked or ignored by the moving party; (2) rehabilitating the evidence attacked by the moving party; (3) producing additional evidence establishing the existence of a genuine issue for the trial; or (4) submitting an affidavit explaining the necessity for further discovery pursuant to Tenn. R. Civ. P., Rule 56.06." *Martin v. Norfolk Southern Ry. Co.*, 271 S.W.3d 76, 84 (Tenn. 2008)(citations omitted).

When reviewing the evidence, we must determine whether factual disputes exist. In evaluating the decision to grant summary judgment, we review the evidence in the light most favorable to the nonmoving party and draw all reasonable inferences in the nonmoving party's favor. *Stovall v. Clarke*, 113 S.W.3d 715, 721 (Tenn. 2003). If we find a disputed fact, we must "determine whether the fact is material to the claim or defense upon which summary judgment is predicated and whether the disputed fact creates a genuine issue for trial." *Mathews Partners*, 2009 WL 3172134 at *3(citing *Byrd*, 847 S.W.2d at 214). "A disputed fact is material if it must be decided in order to resolve the substantive claim or defense at which the motion is directed." *Byrd*, 847 S.W.2d at 215. A genuine issue exists if "a reasonable jury could legitimately resolve the fact in favor of one side or the other." *Id.*

In this case, the administrative judge denied Dr. Hardy's motion. We have reviewed the record and find that there are material issues of fact in dispute. The parties dispute whether and when any agreement was entered into, who had authority to enter into any such agreement, what the proper procedure is to settle the action, and what the terms were of any enforceable agreement. Accordingly, the administrative judge was correct in denying Dr. Hardy's motion.

However, the administrative judge, after denying the motion, went on to make the factual finding that the parties had entered into two separate agreements and to order the parties to submit the "Agreed Order" to the Medical Board. By doing so, the administrative judge failed to follow the proper legal procedure. A motion for summary judgment is not a substitute for a trial on the merits. *Byrd*, 847 S.W.2d at 210. "[T]he purpose of a summary judgment proceeding is not the finding of facts, the resolution of disputed material facts, or

the determination of conflicting inferences reasonably drawn from those facts. 'The purpose is to resolve controlling issues of law, and that alone.'" *Id.* at 215 (citations omitted). In considering Dr. Hardy's motion, the administrative judge was to first determine whether there were material facts in dispute. Only upon finding that there were no material facts in dispute could the administrative judge grant the motion and enter any appropriate order. If the administrative judge found material facts in dispute, the analysis should have ended there, with the administrative judge denying the motion and scheduling the case for an evidentiary hearing. The trial court, in ruling on a motion for summary judgment, is not to weigh the evidence. *Id.* Here the administrative judge, despite the existence of disputed material facts, weighed the evidence, made factual determinations and entered an order. By failing to follow the proper legal principles for a motion for summary judgment, the administrative judge erred.

Moreover, the administrative judge, regardless of whether there was in fact a prior agreement, erred by ordering the parties to submit the "Agreed Order" to the Medical Board and requiring that neither party speak against the order. "[A] valid consent judgment can not be entered by a court when one party withdraws his consent and this fact is communicated to the court prior to entry of the judgment." *Harbour v. Brown*, 737 S.W.2d 598. 599 (Tenn. 1987)(citations omitted). The parties must consent at the time the agreement is presented to the court. *Id.* Until the order is entered by the court, either party may withdraw its consent. *Id.* "This is not to say that the compromise agreement may not be a binding contract, subject to being enforced as other contracts, but only that the court may not enter judgment based on the compromise agreement, when it has notice that one of the parties is no longer consenting...." *Id.*

Tenn. Adm. R. & Regs. 0880-2-.11 requires the Medical Board to approve any settlement agreement before the agreement may become final. Accordingly, either party may withdraw its consent until the agreement is presented to the Medical Board. In this case, the State disputes that it ever agreed to settle the claim against Dr. Hardy. Therefore, consent, if any, was withdrawn before the agreement was presented to the Medical Board for approval. Consequently, the administrative judge acted erred in ordering the parties to present the "Agreed Order" to the Medical Board.

### Due Process

Our opinion renders all remaining issues moot. Nevertheless in the interest of judicial economy and because the administrative judge held that due process required specific performance, and Dr. Hardy relies significantly on the due process argument, we will briefly address that issue. Dr. Hardy contends on appeal that, because the parties have twice settled the claim, due process requires that this action be dismissed. "A professional license, issued

by a State, which can be suspended or revoked only upon a showing of cause, is a constitutionally protected property interest because the holder of the license has a clear expectation that he or she will be able to continue to hold the license absent proof of culpable conduct." *Martin v. Sizemore,* 78 S.W.3d 249, 262-63 (Tenn. Ct. App. 2001)(citing *Barry v. Barchi*, 443 U.S. 55, 64 & n.1 (1979)). The Tennessee Supreme Court recognized the right to practice medicine as a constitutionally protected property interest in 1924. *State Bd. Of Med. Exam'rs v. Friedman*, 263 S.W. 75, 79 (Tenn. 1974). A person's liberty or property interest cannot be taken away without due process. U.S. Const. amend. V & IV; Tenn. Const. Art 1, §8.

Generally, due process requires notice and opportunity to be heard. *Miller v. Tenn. Bd. Of Nursing*, 265 S.W.3d 225, 234 (Tenn. Ct. App. 2007)(citing *Manning v. City of Lebanon*, 124 S.W.3d 562, 566 (Tenn. Ct. App. 2003)). Dr. Hardy has not provided this Court with any authority requiring his case to be dismissed and we find none in our case law. Moreover, whether the claim has been settled at all remains in dispute. The UAPA provides for procedural safeguards in contested medical license revocation cases. See *Watts v. Burkhart*, 978 F.2d 269, 275 (6th Cir. 1992). UAPA procedure "scrupulously protects the fundamental right of notice and opportunity to be heard..." *Id.* Dr. Hardy has not alleged that he was not provided either sufficient notice of the charges against him, or an opportunity to be heard. In fact, from our review of the record, it appears that a contested hearing was set when Dr. Hardy appealed from the administrative judge's decision and was stayed pursuant to his request. Accordingly, we do not find that due process requires dismissal of the action. Dr. Hardy has been afforded due process by being given proper notice of the charges and an opportunity to be heard, where he may present evidence of the alleged settlement agreements and evidence disputing the substantive allegations.

## Conclusion

In sum, we find that the Chancery Court did not err in reversing the decision of the administrative judge finding that the parties had entered into two separate settlement agreements. The Chancery Court, however, did err by not finding that the administrative judge applied improper legal principles in reviewing Dr. Hardy's motion and making the findings that the parties had entered into two separate settlement agreements. While the administrative judge denied Dr. Hardy's motion, it effectively granted summary judgment by finding that the parties had entered into two separate agreements. Further, we find that the Chancery Court also applied improper legal principles when it found that the parties had not entered into any enforceable agreements. Because there are disputed material facts, it cannot yet be determined whether there are any enforceable agreements. Additionally, we find that the Chancery Court correctly held that the administrative judge did not have the authority to order the parties to present the "Agreed Order" to the Medical Board after the

State withdrew its consent.

For the foregoing reasons we affirm in part and reverse in part the decision of the Chancery Court and remand for entry of an order in accordance with this decision. Costs of this appeal are taxed equally against the Appellant, William Laurence Hardy, M.D. and his surety, and the Appellee, State of Tennessee, Department of Health Division of Health Related Boards, for which execution may issue if necessary.

_____
J. STEVEN STAFFORD, JUDGE