MADISON COUNTY FISCAL COURT; Central Campbell County Fire District; City of Cynthiana; City of Danville; City of Florence; City of Georgetown; City of Glasgow; City of Nicholasville; City of Paris; City of Richmond; City Of Somerset; and City of Winchester, Appellants,

v.

KENTUCKY LABOR CABINET, J.R. Gray in His Official Capacity as Secretary of the Kentucky Labor Cabinet; Michael L. Dixon, In His Official Capacity as Commissioner of the Department of Workplace Standards of the Kentucky Labor Cabinet; Marjorie Arnold, In Her Official Capacity as Program Manager (Eastern), Wage and Hours of the Kentucky Labor Cabinet; Jerald Adkins, In His Official Capacity As Program Manager (Western), Wage and Hours of the Kentucky Labor Cabinet; Unnamed Complainants, Individually, Appellees.

No. 2010–SC–000322–TG.

Supreme Court of Kentucky.

Aug. 25, 2011.

Rehearing Denied Nov. 23, 2011.

Douglas L. McSwain, Derrick Thomas Wright, Sturgill, Turner, Barker & Moloney, PLLC, Lexington, KY, for Madison County Fiscal Court; City of Cynthiana, City of Danville; City of Georgetown; City of Nicholasville; City Of Paris; City of Richmond; City of Somerset; and Central Campbell County Fire District.

Douglas L. McSwain, Derrick Thomas Wright, Sturgill, Turner, Barker & Moloney, PLLC, Lexington, KY, Steven Charles Martin, Matthew C. Smith, Ziegler & Schneider, PSC, Covington, KY, for City of Florence; and City of Glasgow.

Douglas L. McSwain, Derrick Thomas Wright, Sturgill, Turner, Barker & Moloney, PLLC, Lexington, KY, William A. Dykeman, Dykeman & Rosenthal, Winchester, KY, for City of Winchester.

David Nelson Shattuck, Melissa Jan Williamson, David O'Brien Suetholz, Kentucky Labor Cabinet, Office of General Counsel, Frankfort, KY, for Appellees.

Jeffrey C. Mando, Jennifer H. Langen, Adams, Stepner, Woltermann & Dusing, PLLC, Covington, KY, for the Kentucky League of Cities (Amicus Curiae).

Richard W. Martin, Martin & Vincent, PSC, Ashland, KY, for the City of Ashland (Amicus Curiae).

Paul Randall Collins, Hollon & Collins, Hazard, KY, for the City of Hazard (Amicus Curiae).

David Lyle Kelly, Denton & Keuler, LLP, Paducah, KY, for the City of Paducah (Amicus Curiae).

Opinion of the Court by Justice
VENTERS.

Appellants, Madison County Fiscal Court, Central Campbell County Fire District and ten municipal corporations,[1] ap-

___

1. The ten municipalities are: City of Cynthiana, City of Danville, City of Florence, City of

peal from a final order of the Franklin Circuit Court that held: 1) that the Kentucky Labor Cabinet had jurisdiction to pursue an administrative agency action against Appellants to collect, on behalf of firefighters employed by Appellants, unpaid overtime compensation; and, 2) that the Appellant municipalities are not cloaked with governmental or sovereign immunity from such claims. Because the potential liability to local governments in this case, and others similarly situated, is a matter of great and immediate public importance, we granted Appellants' motion to transfer this matter from the Court of Appeals, pursuant to CR 74.02(2).

Specifically, Appellants urge this Court to extend the doctrine of governmental immunity to municipal corporations, and thereby overrule the long-standing decision of *Haney v. City of Lexington,* 386 S.W.2d 738 (Ky.1964) or, in the alternative, to recognize that Appellants, under the circumstances of this case, are agents of the state government entitled to full governmental immunity, or at least qualified official immunity. Finally, Appellants argue that the Labor Cabinet lacks jurisdiction to pursue its claims against Appellants on the grounds that its authority for such actions under KRS Chapter 337, has been superseded by the 2009 amendment of KRS Chapter 95A.

For the reasons set forth herein, we affirm the Franklin Circuit Court's conclusion that the Labor Cabinet has jurisdiction to assert the claims against Appellants and the Appellant municipalities are not immune from those claims.

## FACTUAL AND PROCEDURAL BACKGROUND

In 1980, the General Assembly established the Professional Firefighters Foundation Program Fund with the stated purpose of upgrading the educational and training standards of local firefighters by offering pay incentives to firefighters whose departments participated in the program. KRS 95A.200. The Fund was to be administered by the Commission on Fire Protection Personnel Standards and Education (Fire Commission). Local governments, including cities and counties with fire departments meeting certain criteria, were invited to participate by entering into a formal agreement with the Fire Commission. Under the agreements, local governments obligated themselves to comply with the requirements of KRS Chapter 95A and administrative regulations, including those that governed the receipt and allocation of the firefighter incentive pay.

For more than two decades prior to 2008, the Labor Cabinet, using its interpretation of the applicable statutes (mainly KRS 337.285), issued regulations to inform the Fire Commission how to calculate the overtime pay owed to firefighters receiving the training incentive money. The Fire Commission instructed the participating local governments to pay the firefighters in accordance with the Labor Cabinet regulations. The record indicates that Appellants complied and paid their firefighters accordingly.

In 2007, the Court of Appeals rendered a decision in *Commonwealth, Labor Cabinet v. Hasken,* 265 S.W.3d 215 (Ky.App. 2007), in which it disagreed with the Labor Cabinet's established formula for calculating firefighters' overtime pay. Based upon its interpretation of the applicable statutes, the Court of Appeals compelled a revision of the method for calculating the

Georgetown, City of Glasgow, City of Nicholasville, City of Paris, City of Richmond, City of Somerset, and City of Winchester.

overtime pay for firefighters receiving the incentive training money. The calculation approved in *Hasken* is more generous to firefighters than the formula it replaced. As a result, local governments, including Appellants, that had followed the Labor Cabinet regulations had apparently underpaid their firefighters.

To comply with *Hasken*, the Labor Cabinet revised its regulation for calculating overtime pay for firefighters receiving incentive training pay. It also initiated administrative actions against Appellants on behalf of the firefighters to collect the unpaid portion of overtime pay, using the *Hasken* formula. Appellants sought to block that effort by filing the action underlying this appeal in the Franklin Circuit Court. Appellants based their claims upon the grounds set forth above.

With the operative facts being essentially undisputed, Appellants moved for summary judgment on the grounds that they were immune from suit by the doctrine of governmental or sovereign immunity, and that the Labor Cabinet lacked jurisdiction to compel overtime payment of the funds provided by KRS Chapter 95A. The Franklin Circuit Court denied Appellant's motion for summary judgment in an order made final and appealable.[2]

■ Appellants appealed to the Court of Appeals and subsequently moved for transfer to this Court. We granted their motion. Appellants' arguments regarding immunity and jurisdictional issues are questions of law to be reviewed *de novo*. *Appalachian Regional Healthcare, Inc. v. Coleman*, 239 S.W.3d 49, 53–54 (Ky.2007); *Rowan County v. Sloas*, 201 S.W.3d 469, 475 (Ky.2006).

## APPELLANTS HAVE NO IMMUNITY AGAINST CLAIMS FOR UNPAID WAGES OR OVERTIME PAY

Appellants argue that their participation in the Professional Firefighters Foundation Program Fund renders them agents of the state in carrying out the public policy purposes of the incentive program. As such, Appellants contend they either share the state's sovereign immunity or are cloaked with governmental or qualified official immunity as entities performing a public function. In the alternative, they invite us to extend the doctrine of governmental immunity to municipal corporations by overruling the longstanding decision of *Haney*, 386 S.W.2d 738.

■ Our review of this case, however, leads us to conclude that another venture into the realm of governmental and sovereign immunity is unnecessary because the legislature has waived the defense of immunity for claims brought under KRS Chapter 337 to enforce wages, including overtime pay, based upon money earned under the provisions of KRS Chapter 95A.

■ We begin with the premise, stated in *Withers v. University of Kentucky*, 939 S.W.2d 340, 346 (Ky.1997), that a waiver of sovereign or governmental immunity will be found only where provided in a statute by the most express language or by such overwhelming implications from the text as to leave no room for any other reasonable construction. We then look to the applicable statutes.

KRS 95A.200 expresses the legislative intent with respect to financial incentives for local firefighters, which is to "offer a state monetary supplement for local firefighters while upgrading the education and training standards of such firefighters." KRS 95A.250(2)(a) currently provides, in

---

**2.** *Breathitt County Bd. of Educ. v. Prater*, 292 S.W.3d 883, 887 (Ky.2009) ("[A]n order deny-

ing a substantial claim of absolute immunity is immediately appealable[.]")

pertinent part, "Each qualified professional firefighter, whose local government receives [the incentive training funds], *shall receive* [the training supplement] *from that local government*[.]" The earlier version of the statute stated, "Each qualified professional firefighter, whose local government receives [the incentive training funds], *shall be paid by that local government* [the incentive training supplement][.]" There is no doubt that the General Assembly intended for local governments participating in the Professional Firefighters Foundation Program Fund under KRS Chapter 95A to pay their firefighters the training incentive money provided therein.

Until this controversy arose in the aftermath of *Hasken,* there was, apparently, no question that city and county governments are subject to the wage and hour requirements of KRS Chapter 337, our Wage and Hour statutes. Appellants apparently never questioned their obligation to pay overtime in accordance with KRS Chapter 337 until *Hasken* changed the formula for calculating overtime and left them holding the bag of substantial unpaid overtime compensation owed to firefighters.

■■■ Both cities and county are subject to the wage and hour requirements of KRS Chapter 337. The definition of "employer" found in KRS 337.010(1)(d) expressly includes "corporation[s]." A municipal corporation is a corporation, and thus falls under the requirements of KRS Chapter 337. KRS 337.285 establishes liability for overtime pay. Its numerous references to county employees, including the option under KRS 337.285(4)–(9) for county employees to elect compensatory time off in lieu of overtime pay, leaves no room to doubt that county governments are also subject to the statutory requirements for overtime pay. None of the statutory exemptions from overtime pay liability re-

moves city or county governments from that responsibility.

The foregoing statutes overwhelmingly imply, as required by *Withers,* that the legislature did not intend to cloak city or county governments with governmental or sovereign immunity from the very liability that the statutes expressly placed upon them. A statute directing a governmental unit to pay its employees in a prescribed manner necessarily and overwhelmingly implies a waiver of immunity from liability to the employees for non-payment. Otherwise, the statute requiring such overtime pay is a nullity.

It is, therefore, unnecessary that we determine whether Appellants acted as agents of the state when they participated in the Professional Firefighters Foundation Program Fund under KRS Chapter 95A. Even if we found Appellants to be agents of the state, the directives of KRS Chapter 95A and KRS 337.285 shows clearly that the General Assembly has waived any governmental or sovereign immunity that such status might otherwise have bestowed upon Appellants.

*THE LABOR CABINET HAS JURISDICTION TO PURSUE APPELLANTS FOR UNPAID PORTION OF FIREFIGHTERS' OVERTIME PAY*

■■ Appellants next argue that the Labor Cabinet lacks jurisdictional authority to pursue its administrative action to compel Appellants to pay the unpaid portions of overtime pay due to their firefighter-employees under *Hasken.* Specifically, they argue that the overtime requirements of KRS Chapter 337, which the Labor Cabinet is authorized to enforce, are inapplicable to training incentive pay earned under KRS Chapter 95A because KRS Chapter 95A, being focused on supplemental firefighter training pay, is a more spe-

cific statute, and a later-enacted statute, than KRS 337.285. Therefore, they claim, the alleged underpayment of firefighters on account of money payable under the Professional Firefighters Foundation Program Fund falls outside the enforcement mechanisms provided by KRS Chapter 337.

In support of their argument, Appellants cite *Meyers v. Chapman Printing Co., Inc.,* 840 S.W.2d 814, 819 (Ky.1992) ("The applicable rule of statutory construction where there is both a specific statute and a general statute seemingly applicable to the same subject is that the specific statute controls."); and, *DeStock No. 14, Inc. v. Logsdon,* 993 S.W.2d 952, 958–959 (Ky. 1999) ("[I]f two statutes involving the same subject matter are in irreconcilable conflict, the later statute controls."). However, these concepts of statutory construction only come into play if the two statutes in question are in "irreconcilable conflict." We see no such conflict between the two statutes. Nothing in KRS 95A, as it existed prior to 2009 precludes application of the requirements of KRS Chapter 337.

Effective March 20, 2009, KRS 95A.250 was amended to include a section dealing with the calculation of overtime pay for firefighters compensated via the Firefighters Foundation Program Fund. The amendment reversed the effects of *Hasken,* and restored the former method by which such overtime pay was determined. In its amended version, KRS 95A.250(2)(b) states: "[t]he supplement disbursed to a qualified professional firefighter pursuant to this section shall not be considered 'wages' as defined by KRS 337.010(1)(c)1. and shall not be included in the hourly wage rate for calculation of overtime pursuant to KRS 337.285 for scheduled overtime. The supplement shall be included in the hourly wage rates for calculation of

overtime for unscheduled overtime pursuant to KRS 337.285."

We agree that the current version of KRS Chapter 95A rules out the application of KRS Chapter 337 when determining overtime pay for firefighters participating in the Firefighters Foundation Program Fund after March 20, 2009. The revisions to KRS Chapter 95A.250, however, do not apply retroactively. Thus, the calculation of firefighter overtime pay prior to March 20, 2009 remains subject to the prior version of KRS Chapter 95A as interpreted in *Hasken.* Accordingly, we perceive no "irreconcilable conflict" between KRS Chapter 95A, as applicable here, and KRS Chapter 337. The Labor Cabinet remains authorized to proceed with its action against Appellants to recover the unpaid, pre-March 20, 2009 portion of the firefighters' overtime pay for firefighters pursuant to *Hasken.*

### CONCLUSION

For the above stated reasons, the order of the Franklin Circuit Court is affirmed.

All sitting. All concur.